**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4251**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRACEY CAROL WRIGHT, a/k/a Tracey Hakes Wright,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.     Thomas David Schroeder, District Judge.  (1:10-cr-00026-TDS-1)

_____

Submitted:  November 30, 2011       Decided:  December 15, 2011

_____

Before WILKINSON, KING, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

George E. Crump, III, Rockingham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracey Carol Wright pled guilty to making, possessing, and uttering a counterfeit security, in violation of 18 U.S.C. § 513 (2006). Wright appeals her sentence, arguing that the district court erred by finding that the intended loss was equal to the face value of the counterfeit check that Wright tendered as payment for a home. Wright argues that she knew she could not have escaped detection, and thus could not have intended to cause a loss equal to the full value of the check. We affirm.

This Court reviews the district court's factual findings for clear error, and its legal interpretation of the Guidelines de novo. See United States v. Dawkins, 202 F.3d 711, 714 (4th Cir. 2000). Additionally, because Wright did not raise her claim of error in the district court, this Court's review is for plain error. United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010) (requiring specific objections where defendant goes beyond "simply challenging the substantive reasonableness of [a] sentence due to its length or non-specific considerations"), cert. denied, ___ S. Ct. ___, 2011 WL 4536007 (U.S. Oct. 3, 2011). Thus, Wright bears the burden of showing "that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).

Intended loss "includes intended pecuniary harm that would have been impossible or unlikely to occur." USSG § 2B1.1 cmt. n.3(A)(ii). Although at some point "the extreme improbability of a loss might undermine a finding of intent," this is not such a case. United States v. Stockheimer, 157 F.3d 1082, 1090 (7th Cir. 1998); see also United States v. McBride, 362 F.3d 360, 374-75 (6th Cir. 2004) (affirming loss calculation which included market value of residences owned by district judge, defense attorneys, and IRS agent against whom McBride filed fraudulent involuntary bankruptcy petitions). Wright did not clearly show below that she lacked the intent to cause a loss equal to the full amount of the check; indeed, Wright tendered the check for the purchase price of the house after an initial check for rent of the same house was discovered to be worthless. See United States v. Himler, 355 F.3d 735, 740-41 (3d Cir. 2004); United States v. Miller, 316 F.3d 495, 505 (4th Cir. 2003). Thus, the district court did not clearly err in determining the intended loss amount.

Accordingly, we affirm Wright's sentence. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3